**Jerry W. MOORE, Plaintiff–Appellant,**

v.

**Barbara J. RICOTTA, Defendant–Appellee.**

**Docket No. 01–7264.**

United States Court of Appeals, Second Circuit.

March 14, 2002.

Jerry W. Moore, pro se, Buffalo, NY, for Appellant.

Eliot Spitzer, Attorney General of the State of New York, Albany, NY; Nancy A. Spiegel and Alicia R. Ouellette, Assistant Solicitors General, of counsel, for Appellees.

Present CALABRESI and CABRANES, Circuit Judges, and

PRESKA,* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Jerry W. Moore appeals from a decision of the United States District Court for the Western District of New York (Schroeder, M.J.) granting summary judgment for the defendant. Moore commenced this action seeking damages under 42 U.S.C. § 1983 after the defendant Barbara J. Ricotta, Dean of Students at the State University of New York at Buffalo, excluded Moore from the university campus for no less than one year. Ricotta sent the plaintiff a *persona non grata* letter dated June 11, 1999, because a faculty member complained that Moore had made threats of violence towards the professor on June 10, 1999. The *persona non grata* letter informed Moore that he could seek review of the decision by writing to the Assistant Vice President of Student Affairs. Moore did not pursue this review.

At the time of this incident, Moore was no longer a student at the University; he graduated on May 24, 1999. In July of 1999, he was admitted to the graduate program in the University's School of Information and Library Studies. He was, however, unable to register for the Fall 1999 semester due to the *persona non grata* action. In his complaint, Moore argues that his due process rights were violated because the University issued him the *persona non grata* letter without conducting a disciplinary hearing.

 Moore had the status of a visitor when he received the letter; as a result he did not, at that time, have a Fourteenth Amendment liberty or property interest in being present on campus. *See Bd. of Curators of the Univ. of Miss. v. Horowitz*, 435 U.S. 78, 82, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978) ("To be entitled to the procedural protections of the Fourteenth Amendment, respondent must ... demonstrate that her dismissal from the school deprived her of either a 'liberty' or a 'property' interest."); *People v. Leonard*, 62 N.Y.2d 404, 477 N.Y.S.2d 111, 465 N.E.2d 831, 834–35 (1984) ("[D]efendant, who concededly is not a student or employee at the campus, has identified no 'property' or 'liberty' interest in being present on campus grounds that he could be lawfully deprived of only after being accorded a hearing."). Before Moore was deprived of any possible protected interest that might have accrued once he became an admitted student, he had already been afforded all the process that was due him. In the *persona non grata* letter, the University gave him notice of the charges against him as well as an opportunity to challenge the letter's effects through a review, by the Assistant Vice–President of Student Affairs, of Dean Ricotta's decision.

Having reviewed all of plaintiff's claims and finding them to be without merit, we AFFIRM the judgment of the district court granting summary judgment for defendant.

---

* The Honorable Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.